L. A. WATLEY v. J. T. ROBISON, COMMISSIONER OF GENERAL LAND OFFICE, ET AL.

No. 4090. Decided December 20, 1924.

(268 S. W., 142).

1.—Public Land—Forfeiture for Nonpayment—Reinstatement—Resale.

Under article 5408, Revised Statutes, as amended by Act of April 3, 1919, Laws, 36th Leg., ch. 163, p. 312, sec. 3, the duty and power of the Land Commissioner to classify and value and to advertise for resale on the next sale day land previously sold arises only after same has been forfeited for nonpayment. The former purchaser had a right to reinstatement on payment before such resale, and the land was subject to resale only when forfeited and thereafter so advertised.

2.—Same—Advertisement before Forfeiture—Case Stated.

Where the Land Commissioner advertised school land in June as subject to be forfeited and, if not redeemed, to be on the market on September 1, but forfeiture was not entered till August 31, and the land was sold on the following day, the next legal sale day under the statute being January 1, the sale was illegal and did not deprive the former purchaser of his right to reinstatement on payment. The advertisement of it as subject to be forfeited on a future day and to resale on the day following was not within the Commissioner's authority.

Original application by Watley to the Supreme Court for writ of mandamus against Robison as Commissioner of the General Land Office, G. E. Reeves, a claimant as purchaser of school land adverse to relator being also made respondent.

The Supreme Court, having referred the application to the Commission of Appeals, Section B, for its opinion thereon, here adopt same and grant the writ of mandamus as recommended.

*Wilson & Douglas,* for relator, cited: Gulf Production Co. v. State, 231 S. W., 124.

*W. A. Keeling,* Attorney-General, and *Weaver Moore,* Assistant, for respondent.

MR. JUDGE HAMILTON delivered the opinion of the Commission of Appeals, Section B.

This suit is presented on petition for mandamus praying for judgment compelling respondent, J. T. Robison, in his capacity as Commissioner of the General Land Office, to cancel an award and sale of land, Section No. 86, Block H. D. & W. Ry. Co., Certificate No. 109 G, situated in Gaines County, Texas, to G. E. Reeves, and

compelling the said Robison in said capacity to receive and accept of and from relator, Watley, all past due interest and all other amounts due the State of Texas on said land and to reinstate him as the owner thereof.

On January 9, 1908, the above described tract of land was a part of the land belonging to the public free school fund of Texas and, on that date, was sold, as such, to P. A. Elder and thereafter, through a regular chain of title, was conveyed to relator, subject to the lien in favor of the State of Texas to secure the unpaid portion of the purchase price. Relator resided with his family on said land and had improvements thereon of the value of $3000.00 at and prior to the dates of the acts of respondent upon which the cause is based.

On June 27, 1923, respondent, as Commissioner of the General Land Office, advertised a list of lands, including the above described tract, "*subject to be forfeited* for non-payment of interest, and if not redeemed, will be on market September 1, 1923." (Italics ours.) On or about August 29, 1923, relator wired respondent, asking the amount due the State on the land. On August 29, 1923, respondent wired relator at Seagrave, Texas, as follows:

"Necessary to prevent forfeiture section eighty-six sixty-six dollars forty-six cents must be in this office by August thirtieth."

As agent of relator, the First State Bank of Seagrave, Texas, immediately wired the American National Bank of Austin to pay to respondent for relator the amount specified in the above quoted telegram. Sixty-six dollars and forty-six cents was the amount of interest due for the year 1919. Interest for four years on the land was due. The $66.46 was not received by the Commissioner of the General Land Office until after he had forfeited the land. Respondent forfeited the land, reclassified it, and fixed the value thereof at $5.00 an acre, on August 31, 1923. Respondent then wired relator as follows:

"Section eighty-six block H Gaines County forfeited. Necessary to reinstate two hundred fifty-six dollars and eighty-four cents if received before sale."

September 2, 1923, was Sunday and September 3, 1923, was a legal holiday. The application of G. E. Reeves for the purchase of the section above described for $16.20 an acre was filed in conformity with law at 10:00 o'clock A. M. on September 4, 1923. Thereafter, at 11:47 A. M. on September 4, 1923, the American National Bank. for and on behalf of the relator, tendered to the Commissioner of the General Land Office the sum of $256.84. The Commissioner had made diligent inquiry at the telegraph offices and at the banks of Austin on the morning of September 4th before the tender and

found no one authorized to make the tender at that time. The Commissioner accepted the money tendered by the American National Bank on condition that no application had been filed for the purchase of the land prior to the time of the tender. Since Reeves had filed his application to purchase the land an hour and forty-seven minutes before the money was received by respondent, respondent refunded the money, awarded the land to Reeves, and refused and continues to refuse to accept the payment of interest and to reinstate relator as the purchaser and owner of the land.

General Laws, 36th Legislature, 1919, Chapter 163, "An Act to provide for the sale, lease, transfer, patenting and forfeiture of the land belonging to the Public Free School Fund, the Lunatic Asylum Fund, the Blind Asylum Fund, the Deaf and Dumb Asylum Fund, and the Orphan Asylum Fund" etc., provides in Section 3 that:

"Article 5408 of the Revised Civil Statutes of 1911 shall be so amended as to hereafter read as follows:

"Article 5408. In cases where any land included in this Act may be leased and the same may come on the market by reason of the expiration or cancellation of such lease or in cases where land may be sold and revert to the fund to which it originally belonged by reason of the forfeiture or cancellation of the sale, it shall be the duty of the Commissioner to classify and value same before the next sale date thereafter and adopt such means as may be at his command that will give the widest publicity and general information as to when such land and other unsold land will be on the market for sale, together with the terms and conditions upon which the land may be purchased. No tract of land shall be subject to sale until it shall have been advertised. If there are no other satisfactory or sufficient means at the command of the Commissioner that will give the necessary publicity he shall have printed at the expense of the State, to be paid out of the appropriation for public printing, lists of the land for free distribution to the public. The lists shall contain a brief statement of how one shall proceed to buy the land."

The above quoted section imposes upon the Commissioner of the General Land Office the duty to classify and value and advertise land included in the Act that "may be leased and the same may come on the market by reason of the expiration or cancellation of such lease", or land that "may be sold and revert to the fund to which it originally belonged by reason of the forfeiture or cancellation of the sale". It authorizes the classification, valuation and advertisement for sale of land that has been sold and has reverted to the fund to which it originally belonged by reason of forfeiture or cancellation of the sale. It does not authorize any of these acts concerning land *"subject to be forfeited"*. It must have reverted

to the fund by reason of forfeiture or cancellation and then there-
after must have been classified, valued and advertised before a sale
can be made.   Before such forfeiture the land does not belong to
the State of Texas except in such sense as it may be the owner
thereof by reason of the lien retained by it for the purchase price
thereof.   The statute does not authorize the classification, valuation
and advertisement for sale of any land that has been purchased by
anybody which has not been forfeited and has therefore not become
a part of the fund to which it originally belonged.   The old purchaser
has the right to be reinstated at any time between the date of for-
feiture and the date of the sale.   The advertisement of sold land,
before forfeiture, as *subject to be forfeited* for non-payment of
interest, with the statement that "if not redeemed, will be on the
market September 1, 1923", was not a compliance with the statute.

The statute, Section 1, Chapter 163, above cited, provides that
the dates of sale shall be September 1, January 1, and May 1, of
each year.   In this case, the forfeiture occurred on August 31 and
the land was for sale September 1, the next day, according to the
statute and the procedure of the respondent.   The effect of forfeiting
the land on the day before it was offered for sale was to render null
and void, in its practical effect, the provision of the statute that
requires that "it shall be the duty of the Commissioner to classify
and value same before the next sale date thereafter and adopt such
means as may be at his command that will give the widest publicity
and general information as to when such land and other unsold land
will be on the market for sale, together with the terms and conditions
upon which the land may be purchased."   Such procedure, also,
is to render of no effect the further provision of the statute that
the purchaser of land forfeited for non-payment of interest shall
have the right to be reinstated after such forfeiture, by the pay-
ment of all interest due before a sale, after such forfeiture, shall be
made.

Where the date of forfeiture, August 31, and the date of coming
on the market for sale, September 1, are so near each other, as in
this case, there can be no advertisement after forfeiture in compliance
with the statute, nor does such proceeding give to the old purchaser
an opportunity to comply with the statute which authorizes a rein-
statement of his claim and right by payment of all interest, as is
attested by the facts in this case.

The case is ruled by the opinion in the case of Weaver, et al. v. J.
T. Robison, Commissioner, et al, (268 S. W., 133) written by Judge
Powell, and delivered by this Section of the Commissioner of Appeals
simultaneously with this opinion, in which he thoroughly discusses
and accurately interprets the statutes applicable to the facts of both

that case and this one. We therefore refrain from further discussion of the law and refer to that case for such discussion.

We recommend that the writ of mandamus issue commanding J. T. Robison, Commissioner of the General Land Office, to cancel the award and sale of Section of land No. 86, Block H, D. & W. Ry. Co., Certificate No. 109 G, situated in Gaines County, Texas, to G. E. Reeves, and commanding the said Commissioner of the General Land Office to receive and accept of and from relator, L. A. Watley, all past due interest and all other amounts now due the State of Texas by reason of the sale of said land to said Watley and compelling said Commissioner of the General Land Office to reinstate the said Watley as the owner of said land upon said payments.

The opinion of the Commission of Appeals is adopted, and the mandamus will issue as prayed for.

C. M. Cureton, Chief Justice.