J. D. MARTIN v. J. T. ROBISON, COMMISSIONER OF THE GENERAL LAND OFFICE, ET AL.

No. 4129.   Decided March 18, 1925.

(269 S. W., 1113).

Mandamus—Public Lands—Sale—Forfeiture.

The Commissioner of the General Land Office having, following the rulings of the Supreme Court in Weaver v. Robison and Watley v. Robison, 114 Texas, pp. 272, 315, reinstated relator as purchaser of public land improperly resold before forfeiture of his rights as previous purchaser, his petition for mandamus to require such action is dismissed at his cost on his motion. (P. 415).

Motion by relator to dimiss his petition for mandamus against the Commissioner of the General Land Office, he having granted the relief sought by such petition.

The Supreme Court. having referred this case to the Commission of Appeals, Section B, for its opinion thereon here adopts the judgment recommended by the Commission disposing of the case on motion of relator to dismiss.

*C. S. Small* and *R. H. Templeton,* for relator.

MR. PRESIDING JUDGE POWELL delivered the opinion or the Commission of Appeals, Section B.

This is an original action in mandamus by the relator to require the Land Commissioner of this State to re-instate his claim to a tract of public free school land in Collingsworth County, Texas,

which the State had sold him, and, without forfeiting his contract as by law required, proceeded prematurely to advertise the land for resale.

On the ninth day of March, 1925, the relator filed a motion herein as follows:

"Comes now J. D. Martin and represents to the court that all matters in controversy in the above styled and numbered cause have 'been settled and disposed of; wherefore, relator prays that this cause be dismissed and all costs be taxed against the said J. D. Martin."

This case is ruled by our opinions in the cases of Weaver v. Robison, Commissioner, and Watley v. Robison, Commissioner, and which opinions were adopted by the Supreme Court on December 20, 1924. See: 268 S. W. R. 133, and 268 S. W., 142, 114 Texas, 272, 315. In those cases we held there could be no valid advertisement such as required by law before the lands advertised were forfeited and that an advertisement and subsequent sale of lands already sold and not forfeited were void. The settlement of the instant case by the parties followed the decisions aforesaid.

We recommend that the aforesaid motion, filed by relator herein, be granted and this cause dismissed at his cost.

Cause dismissed on motion of relator at his cost as recommended by the Commission of Appeals.

*C. M. Cureton*, Chief Justice.